UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE WILSON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:11-cv-1304 (MRK) |
| | : | |
| MAUREEN BAIRD | : | |

### RULING AND ORDER

Petitioner Christine Marie Wilson, an inmate confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She seeks an order directing the respondent to grant her early release her from prison under 18 U.S.C. § 3621(e)(2)(B) after she successfully completes the residential drug abuse treatment program offered at FCI Danbury. The respondent, Warden Maureen Baird, seeks to dismiss the petition for failure to state a claim upon which relief may be granted. For the reasons that follow, the motion to dismiss will be granted.

### I.

On February 14, 2008, in the United States District Court for the Western District of Tennessee, Ms. Wilson pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture of or substance containing a detectable amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. On October 9, 2008, the court sentenced Ms. Wilson to ninety-seven months of imprisonment followed by five years of supervised release. Ms. Wilson did not appeal her conviction. Ms. Wilson's scheduled release date is October 10, 2013.

During her incarceration at FCI Danbury, Ms. Wilson asked to participate in the residential drug treatment program. On October 12, 2010, in response to Ms. Wilson's request, a Drug Abuse Program Coordinator at FCI Danbury interviewed Ms. Wilson and determined that she qualified to participate in the Residential Drug Abuse Treatment Program ("RDAP"). Later that month, the Designation and Sentence Computation Center legal staff reviewed Ms. Wilson's current and prior offenses to determine whether the offenses precluded her from early release eligibility pursuant to 18 U.S.C. § 3621(e). They determined that Ms. Wilson's offense involved the carrying, possession, or use of a firearm or other dangerous weapon and also that its nature or conduct presented a serious potential risk of physical force against the person or property of another. *See* 28 C.F.R. §§ 550.55(b)(5)(ii)-(iii). These two offense characteristics precluded Ms. Wilson from early release consideration. *See* id. *at* § 550.55(b).

After Ms. Wilson received notice that she would not be eligible for early release even if she successfully completed the RDAP, she filed a Request for Administrative Remedy with Warden Baird. Warden Baird determined that the Designation and Sentence Computation Center legal staff had properly concluded that the nature of Ms. Wilson's current offense precluded her from early release consideration. Ms. Wilson appealed the denial of the administrative remedy to the Bureau of Prisons' Regional Director and Central Office Administrator. Both the Regional Director and the Central Office Administrator of Inmate Appeals concluded that Warden Baird had correctly determined that Ms. Wilson was ineligible for early release consideration because her sentence was based on the court's adoption of a two level Specific Offense Characteristic enhancement for possessing dangerous weapons in the course of her offense conduct.

## II.

Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute by adding a requirement that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In May 1995, to effectuate the mandate of 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") created residential as well as non-residential drug abuse treatment programs for inmates confined in federal prison facilities. *See* 28 C.F.R. §§ 550.50-56.

In 1994, Congress amended 18 U.S.C. § 3621 to authorize the BOP to provide an early release incentive to encourage prisoner participation in drug treatment programs offered at federal prison facilities. The statute provides that BOP may reduce by up to one year the sentence of a prisoner who (1) was "convicted of a nonviolent offense" and (2) "successfully completes a treatment program." 18 U.S.C. § 3621(e)(2)(B). Because 18 U.S.C. § 3621 does not define "nonviolent offense," in May 1995, the BOP published an implementing interim rule, 28 C.F.R. § 550.58, that defined "nonviolent offense" as the converse of a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). To clarify this regulation, the BOP adopted Program Statement 5162.02, which specifically provided that an individual convicted of a drug offense under 21 U.S.C. § 841 who received a two-level sentence enhancement under the Sentencing Guidelines for possessing a dangerous weapon shall be considered to have been convicted of a crime of violence. *See* Program Statement 5162.02, § 9 (July 24, 1995) (amended Apr. 23, 1996); U.S. Sentencing Guidelines Manual § 2D1.1(b)(1).

In October 1997, the BOP published a revised interim rule which amended 28 C.F.R. § 550.58 (1995). *See* 65 Fed. Reg. 53690-01 (Oct. 15, 1997). The interim rule removed the

reference to the statutory definition of "crimes of violence" in 18 U.S.C. 924(c) and included additional early release criteria. Under the 1997 version of 28 C.F.R. § 550.58, inmates convicted of felonies involving the carrying, possession, or use of a firearm were precluded from early release eligibility under 18 U.S.C. § 3621(e)(2)(B), pursuant to the BOP's asserted discretion to prescribe additional early release criteria. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B). On December 22, 2000, after a three year notice-and-comment period, the October 1997 interim rule became final without change. *See* 65 Fed. Reg. 80745 (Dec. 22, 2000); 28 C.F.R. § 550.58 (2000).

In March 2009, the BOP re-designated 28 C.F.R. §550.58 as 28 C.F.R. § 550.55, and provided a more detailed explanation of the Bureau's rationale for excluding from eligibility for early release inmates convicted of offenses involving the carrying, possessing or using of firearms or dangerous weapons. *See* 28 C.F.R. § 550.55 (2009). The BOP adopted Program Statement 5162.05 to assist in implementing 28 C.F.R. § 550.55. It lists offenses the Bureau categorizes as crimes of violence and offenses which shall, at the discretion of the Bureau, preclude certain benefits. *See* Program Statement 5162.05, §§ 3, 4 (March 16, 2009). In addition, the Bureau further defined and revised the requirements for eligibility to participate in and complete the RDAP. *See* 28 C.F.R. § 550.53 (2009). Under this regulation, RDAP is comprised of a unit-based program within the prison "that must last at least six months"; follow-up treatment services in general population, if appropriate; and a community-based program of transitional drug abuse treatment. *Id.* at § 550.53(a)(1)-(3).  These new regulations apply to inmates whose clinical interviews to qualify for participation in the RDAP took place on or after March 16, 2009. *See* Program Statement 5331.02, §6.

4

### III.

A federal district court has jurisdiction to entertain a petition for writ of habeas corpus by any prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is the appropriate vehicle to assert a challenge to the manner in which the inmate's sentence is being executed. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (holding challenges to the execution of a sentence as opposed to the lawfulness of a sentence are properly brought under 28 U.S.C. § 2241). Ms. Wilson challenges a decision by the Bureau of Prisons regarding her eligibility for early release from her sentence pursuant to 18 U.S.C. § 3621(e). Thus, she has properly brought her habeas petition pursuant to 28 U.S.C. § 2241.

The court construes the petition as asserting a claim that the BOP's refusal to consider her eligible for early release despite her participation in the RDAP at FCI Danbury violated her right to due process under the Fifth Amendment. To prevail on such a claim, however, Ms. Wilson must show that the BOP's decision deprived her of a liberty or property interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972) (stating that the requirements of procedural due process apply only to constitutionally protected liberty and property interests). Inmates have no constitutionally or federally protected interest in release prior to the expiration of their prison terms. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, it is well settled that there is no constitutional or statutory right to participation in a drug rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976) (no statutory or constitutional entitlement to rehabilitative programs in the federal system); *Levine*, 455 F.3d at 83 ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility.") (citation omitted). Thus, Ms. Wilson has

failed to allege that the decision of the BOP to deny her request for early release eligibility despite her completion of the RDAP violated her due process rights.

Ms. Wilson also contends that the BOP abused its discretion in determining that she was not eligible for early release upon completion of the RDAP. She argues that BOP's determination was incorrect because she was not in possession of a gun or other dangerous weapon when she was arrested and was not charged with or convicted of possession of a firearm.

Under 28 C.F.R. § 550.55(b)(5)(ii), the Director of the BOP has the discretion to determine that an inmate who has been convicted of a felony for "an offense that involved the carrying, parrying, or use of a firearm or other dangerous weapon" is precluded from early release from his or her sentence. In reviewing Ms. Wilson's offense to determine her eligibility for early release, the BOP's Designation and Sentence Computation Center ("DSCC") legal staff noted Ms. Wilson had received a two-level specific offense characteristic enhancement for her possession of four dangerous weapons in her residence at the time of her arrest. The DSCC legal staff concluded that this offense characteristic precluded her from early release pursuant to 18 U.S.C. § 3621(e)(2)(B) even if she completed the RDAP.

This determination complies with the eligibility criteria set forth in Program Statement 5331.02 which establishes early release criteria and procedures pursuant to 18 U.S.C. § 3621(e)(2)(b) and Program Statement 5162.05 which lists offenses the Bureau categorizes as crimes of violence and offenses which shall, at the discretion of the Bureau, preclude benefits such as early release. *See* Program Statements 5162.05, §§ 3, 4 and 5331.02 § 5(5)(ii) (March 16, 2009). Among the offenses that the Director of the BOP may, in his discretion, determine should preclude an inmate from receiving a benefit or participating in a program, are criminal offenses with a specific offense characteristic enhancement. As an example, an inmate who was

"convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm" under § 2D1.1 of the U.S. Sentencing Guidelines Manual, would be precluded from receiving BOP program benefits, such as early release. *See* Program Statement 5162.05 § 4b.

It is clear that the express language of 18 U.S. § 3621(e)(2)(b) and 28 C.F.R. § 550.55(b)(5)(ii) vests the BOP with broad discretion to make a determination that Ms. Wilson's sentence enhancement for carrying, use, or possession of a firearm rendered her ineligible for early release consideration even if she completed the RDAP. In *Lopez v. Davis,* 531 U.S. 230, (2001), the Supreme Court considered the validity of 28 C.F.R. § 550.58(a)(1)(vi)(B), which denied early release to several categories of prisoners, including inmates whose offense was a felony attended by "the carrying, possession, or use of a firearm." The Court determined that the BOP could categorically exclude prisoners based on pre-conviction conduct and that the Bureau had properly "conclud[ed] that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. The Supreme Court held that the BOP had reasonably exercised its discretion under 18 U.S.C. § 3621(e)(2)(B) in implementing 28 C.F.R. § 550.58(a)(1)(vi)(B). *Id.* at 232.

In March 2009, the BOP replaced 28 C.F.R. § 550.58 with 28 C.F.R. § 550.55, making the new section applicable to prisoners entering RDAP after March 16, 2009. Section 550.55 contains the same provision contained in section 550.58, prohibiting "[i]nmates who have a current felony conviction for [a]n offense that involved the carrying, possession, or use of a firearm" from being eligible for early release under § 3621(e). *Compare* 28 C.F.R. § 550.55(b)(5)(ii) (2009), *with* 28 C.F.R. § 550.58(a)(1)(vi) (B) (2000). Thus, the Supreme Court

7

has upheld the BOP's discretion to determine the eligibility of inmates for early release under 18 U.S.C. § 3621(e)(2)(B) and categorically exclude prisoners based on a special offense characteristic described in 28 C.F.R. § 550.55(b)(5)(ii). Ms. Wilson has not shown that the BOP abused its discretion when it determined that her sentence enhancement for carrying, use, or possession of a firearm made her ineligible for early release consideration even if she completed the RDAP. Accordingly, the Motion to Dismiss [doc. # 4] is granted.

In her response to the motion to dismiss, Ms. Wilson attempts to raise claims of violations of the Administrative Procedure Act and the Equal Protection Clause of the Fifth and Fourteenth Amendments. Ms. Wilson, however, cannot amend her habeas petition in a memorandum in opposition to the motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) (plaintiff may not amend complaint through statements made in memorandum of law).

Even if the court were to permit Ms. Wilson to amend her petition to add these claims, they would fail. Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, a reviewing court must set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A). But the APA provides that courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Pursuant to 18 U.S.C. § 3625, the judicial review sections of the APA, 5 U.S.C. §§ 701-706, "do not apply to the making of any determinations, decisions or orders under this subchapter." Subchapter C, Imprisonment, consists of sections 3621 through 3626 of Title 18 of the United States Code.  Thus, the decisions pertaining to Ms. Wilson's eligibility for early release under 18 U.S.C. § 3621 are not subject to judicial review under the APA.

With regard to her equal protection challenge, Ms. Wilson seems to argue that the decision to deny her early release violated her equal protection rights because inmates housed in prisons within the Ninth Circuit's geographic jurisdiction after the Ninth Circuit's decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) and who completed the RDAP before March 16, 2009, were eligible for early release while those housed outside the Ninth Circuit were not. In *Arrington*, the Ninth Circuit concluded that the 2000 version of 28 C.F.R. § 550.58 was invalid under the APA due to the BOP's failure to articulate its rationale in the administrative record. *See id.* at 1113. As indicated above, in March 2009, the BOP promulgated 28 C.F.R. § 550.55 which replaced 28 C.F.R. § 550.58 and took effect on March 16, 2009. Because Ms. Wilson did not apply for participation in RDAP until June 2009, her request for early release eligibility is governed by 28 C.F.R. § 550.55. Thus, she does not have standing to challenge the alleged unequal application of 28 C.F.R. § 550.58 which went into effect in December 2000.

## IV.

Warden Baird's Motion to Dismiss [doc. # 4] is GRANTED. Ms. Wilson's Petition for Writ of Habeas Corpus [doc. # 1] is DISMISSED. The Court concludes that Ms. Wilson has not shown that she was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue. **The Clerk is directed to enter judgment and close this case**.

SO ORDERED this 13th day of June, 2012, at New Haven, Connecticut.

 /s/  Mark R. Kravitz
United States District Judge